# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6370 | **DATE** | 3/4/2011 |
| **CASE TITLE** | Pinedo vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Defendants Officers R.J. Fiorito, Hazard and M.S. Feldman's corrected motion to dismiss Count VII of plaintiff's complaint [24] is granted. These defendants' duplicate motion [20] is denied as moot. Plaintiff voluntarily dismisses Count V of the complaint. Defendant City of Chicago's motion to dismiss Counts V and VIII of plaintiff's complaint [26] is granted in part and denied in part. The motion is granted as to Count VIII, and denied as moot as to Count V. No court appearance is required on 3/16/11.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On October 5, 2010, plaintiff filed his complaint against defendants City of Chicago ("City") and Chicago police officers R. Fiorito, Hazard, and M. Feldman, raising various claims under 42 U.S.C. § 1983 and state law. The City has moved to dismiss plaintiff's *Monell* claim in Count V, and all defendants have moved to dismiss the class-of-one equal protection claim in Count VIII, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In his response to the motions to dismiss, plaintiff voluntarily dismissed Count V. For the reasons stated below, defendants' motions to dismiss Count VIII are granted.

In considering defendants' motions to dismiss Count VIII, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws reasonable inferences in plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering plaintiff's allegations, the Court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The complaint alleges that on October 11, 2008, defendants Fiorito and Hazard falsely arrested plaintiff for driving under the influence, and that these defendants made material and significant misrepresentations in the police report they generated related to the arrest. The complaint further alleges that defendant Feldman approved criminal charges brought against plaintiff, despite the misrepresentations in the police report. Plaintiff alleges that defendants violated his equal protection rights as a "class of one," because defendants treated him differently than similarly situated other individuals

A class-of-one equal protection claim "asserts that an individual has been 'irrationally singled out,' without regard for any group affiliation, for discriminatory treatment." *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (quoting *Enquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)). To state a class-of-one equal protection claim, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 942 (7th

| STATEMENT |
|---|

Cir. 2010) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Defendants argue that plaintiff's class-of-one equal protection claim should be dismissed because plaintiff fails to adequately allege that defendants treated him differently from other similarly situated individuals, or that they deliberately sought to violate his equal protection rights for reasons of a personal nature. Defendants also argue that their decision to arrest plaintiff was a discretionary one that cannot be the basis of a class-of-one equal protection claim, based on the Supreme Court's decision in *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008).

As an initial matter, the Court notes that *Engquist* does not appear to preclude plaintiff's class-of-one equal protection claim. In *Engquist*, the Supreme Court held that a class-of-one equal protection theory does not apply to public employment decisions, because such decisions involve the exercise of discretion "based on a vast array of subjective, individualized assessments." *Engquist*, 553 U.S. at 598, 603. The Supreme Court suggested that some police actions could involve similarly discretionary decisionmaking, such as when a police officer decides which of many speeding motorists to ticket. *See id.* at 603-04. As the Seventh Circuit has recognized, however, the discretion exercised by police officers may be much narrower than discretion exercised by public employers, depending on the context of the decisionmaking. *See Hanes v. Zurick*, 578 F.3d 491, 495-96 (7th Cir. 2009). In addition, unlike routine employment decisions, decisions by police officers are commonly subjected to constitutional scrutiny. *See id.* at 495. The Court concludes that the allegations in this case do not implicate the type of discretionary decisionmaking addressed in *Engquist*.

However, the Court agrees that plaintiff has failed to adequately allege that defendants treated him differently than similarly situated other individuals. "To be considered 'similarly situated,' a plaintiff and his comparators (those alleged to have been treated more favorably) must be identical or directly comparable in all material respects." *LaBella Winnetka, Inc.*, 628 F.3d at 942. Although the question of whether a comparator is similarly situated is usually a question for the fact-finder, dismissal at the pleading stage is appropriate if the plaintiff fails "to allege facts tending to show that it was similarly situated to any of the comparators." *See id.* The "similarly situated" requirement is critical to a class-of-one equal protection claim, since the purpose of entertaining such a claim "is not to constitutionalize all tort law." *See McDonald v. Village of Winnetka*, 371 F.3d 992, 1009 (7th Cir. 2004).

Here, the complaint merely alleges:
> PLAINTIFF PINEDO was similarly situated to other individuals. In that context, ordinary citizens who are not of the same class/status as PLAINTIFF PINEDO, as alleged above, do not receive vehicular tickets, DUI arrests and/or have evidence fabricated against them.

The Court finds that these conclusory allegations do not give defendants sufficient notice of plaintiff's class-of-one equal protection claim. *See Muczynski v. Lieblick*, No. 10 C 81, 2011 WL 613573, at *4-7 (N.D. Ill. Feb. 11, 2011) (Darrah, J.) (dismissing class-of-one equal protection claim where plaintiff alleged that he was similarly situated to other individuals with whom the defendants had an investigatory basis to communicate who did not have false evidence generated against them and were not arrested or prosecuted). Defendants' motion to dismiss Count VIII is granted.

*[signature: George W. Lindberg]*