# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6370 | **DATE** | 4/29/2011 |
| **CASE TITLE** | Pinedo vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file a first amended complaint [54] is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This Court previously dismissed plaintiff's class-of-one equal protection claim on the basis that its conclusory allegations did not give defendants sufficient notice. Plaintiff now moves to amend his complaint to replead his class-of-one equal protection claim.

Defendants object to the amendment as futile because the proposed amended complaint fails to adequately allege that plaintiff was similarly situated to the individuals he contends were treated more favorably. For example, defendants argue that the proposed amended complaint is inadequate because it fails to allege the reasons the other individuals were stopped, the circumstances of those stops, the citations resulting from the stops, and the discussions that occurred during the stops.

A class-of-one equal protection claim "asserts that an individual has been 'irrationally singled out,' without regard for any group affiliation, for discriminatory treatment." *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)). To state a class-of-one equal protection claim, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). "To be considered 'similarly situated,' a plaintiff and his comparators must be identical or directly comparable in all material respects." *Id*. The question of whether a comparator is similarly situated is usually a question for the fact-finder, unless the plaintiff fails "to allege facts tending to show that it was similarly situated to any of the comparators." *See id*.

The proposed amended complaint alleges that defendants treated plaintiff differently than other individuals who were pulled over and/or arrested for driving under the influence and related traffic offenses, and that they did so with no rational basis or with the intent to harm plaintiff. The proposed amended

| STATEMENT |
|---|

complaint also alleges that one of defendants' motivations for treating plaintiff differently was that plaintiff had observed defendants engaged in misconduct, and defendants sought to cover up that misconduct by fabricating documents.

The proposed amended complaint further alleges that on over twenty occasions within the five years prior to plaintiff's arrest, defendants pulled over a car, spoke to the driver, asked the driver to provide a drivers license, gave the driver a traffic ticket, documented in the ticket the conduct the officer believed to be illegal, signed the ticket under penalty of perjury, and appeared in traffic court on the ticket. In addition, the proposed amended complaint alleges that on at least fifty occasions, defendant Fiorito drafted police reports for offenses of driving under the influence of alcohol, signed the reports under oath, administered field sobriety tests to the drivers, and appeared in court on the cases.

The Court finds that plaintiff has adequately alleged a class-of-one equal protection claim at this early stage of litigation. *See Ivy v. Powers*, No. 08 C 3826, 2009 WL 230542, at *6 (N.D. Ill. Jan. 30, 2009) (denying motion to dismiss class-of-one equal protection claim where complaint alleged that by falsifying police reports and charging documents, defendant police officers treated the plaintiff differently than other individuals arrested by defendants); *Craft v. Flagg*, No. 06 C 1451, 2008 WL 1883337, at *3 (N.D. Ill. Apr. 24, 2008) (acknowledging that the complaint was "short on factual allegations," but denying motion to dismiss class-of-one equal protection claim, where complaint alleged that by planting evidence on the plaintiff, the defendant police officers treated him differently than other arrestees). Plaintiff's motion for leave to file a first amended complaint is granted.

*[signature: George W. Lindberg]*